UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ROGER MANNON,

        Plaintiff,                    Case No. 25-12548
                                         District Judge Shalina D. Kumar
v.                                   Magistrate Judge Anthony P. Patti

DEPARTMENT OF VETERANS
AFFAIRS,

        Defendant.

_____/

**OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION OR LEAVE TO AMEND (ECF NO. 23); (2) DIRECTING THE CLERK OF THE COURT TO FILE THE FIRST AMENDED COMPLAINT; (3) DEEMING ALL REMAINING MOTIONS MOOT (ECF NOS. 12, 18, 21); (4) SETTING DEADLINE TO FILE ANSWER OR RULE 12 MOTION; AND, (5) DIRECTING PLAINTIFF TO CEASE FILING "NOTICES"**

On August 14, 2025, Plaintiff Steven Roger Mannon, proceeding, *in pro per*, initiated this action against the Department of Veterans Affairs.  (ECF No. 1.) Judge Kumar referred the case to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)."   (ECF No. 19.)

On January 21, 2026, Defendant filed a motion to dismiss or in the alternative for summary judgment pursuant to Federal Rules of Civil Procedure 12

and 56. (ECF No. 21.) Later that same day, Plaintiff filed a motion for leave to file a first amended complaint. (ECF No. 23.)

Federal Rule of Civil Procedure 15 provides that a party can amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(B). As such, because Plaintiff filed a motion for leave to amend within 21 days of service of a Rule 12(b)(6) motion, no motion was technically required, and Plaintiff could file his amended pleading as a matter of course. Fed. R. Civ. P. 15(a)(B). In its response to the motion, Defendant agrees that Plaintiff may file the amended pleading as a matter of course "at which point Defendant's motion to dismiss would be moot." (ECF No. 25, PageID.526.)

Accordingly, Plaintiff's motion for leave to file a first amended complaint (ECF No. 23) is **GRANTED** and the Clerk of the Court is **DIRECTED** to file the First Amended Complaint (*see* ECF No. 23, PageID.443-445) as a separate docket entry, whereupon the First Amended Complaint shall be deemed the operative pleading.

All currently pending motions (ECF NOS. 12, 18, 21), which are based on a now defunct initial pleading, are **DEEMED MOOT AND TERMINATED WITHOUT PREJUDICE**.

Defendant **SHALL FILE** its responsive pleading or applicable motion under Rule 12 within 21 days of the date of this order.

2

Finally, the Court notes that Plaintiff has filed five "Notices" on this Court's docket, most of them entitled "Notice of Supplemental Authority." (ECF Nos. 14, 17, 20, 26, 27.) In addition to unnecessarily cluttering the Court's docket, such documents are attempts to circumvent the local rules regarding permitted briefs and page limits. *See* E.D. Mich. LR 5.1 & 7.1. If a litigant seeks relief from the Court, he must file a motion — but only after complying with the "meet and confer requirements set forth in Local Rule 7.1 — to be followed by an opposing response, and an optional reply. *See* E.D. Mich. LR 7.1. Each of these documents have page limits, which the Court strictly enforces. They must also be in 14-point font and double-spaced under Local Rule 5.1(a), lest they be stricken, a rule which Plaintiff has not always followed. Filing "Notices of Supplemental Authority" is an attempt by a litigant to supplement their briefs or file sur-replies, which the Court does not allow without leave of Court. Accordingly, my practice guidelines provide:

> The Court adheres to E.D. Mich LR 5.1 and 7.1 regarding format, length, and form of motions and briefs, and the type of briefs required and permitted. Additional briefing, including sur-replies, will NOT be permitted unless requested by the Court. *The Court will strike any improperly filed sur-replies or other briefing not contemplated by the Local Rules.*[1]

Accordingly, Plaintiff is **DIRECTED** to cease filing "notices" on the Court's docket and specifically **ADMONISHED** that any future "notices" or improper

---

[1] https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51 (emphasis added).

3

supplemental briefs shall be stricken from the docket.  He is also **DIRECTED** to carefully review the Local Rules of this Court and the Practice Guidelines of the Undersigned (and of Judge Kumar, as may be applicable), all of which is available on the Court's website.

**IT IS SO ORDERED.**[2]

Dated:  April 9, 2026

                                       _____
                                       Anthony P. Patti
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).