# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

STEVEN ROGER MANNON,

Plaintiff,

v.

Case No. 4:25-cv-12548

Hon.  Shalina D. Kumar

Mag. Judge Anthony P. Patti

DEPARTMENT OF VETERANS AFFAIRS,

Defendant.

## EXHIBIT B
## Selected VA Police Report Excerpts and Quote Index
### Focused on FOIA / Privacy Office / Administrative Activity Routed Through DBRS, DBC, and Police Reports

**Purpose.** Plaintiff offers these selected excerpts to show what VA created, retrieved, routed, and used. The excerpts reflect VA Police records describing Plaintiff-specific FOIA activity, Privacy Office activity, administrative complaints, social-media / patient-advocacy communications, DBRS reporting, DBC/DBRS monitoring, and police conclusions that the same or related conduct was noncriminal, unfounded, not threatening, or outside VA Police jurisdiction.

**Use limitation.** Plaintiff does not adopt disputed staff allegations as true. Plaintiff offers the excerpts for the existence, routing, retrieval, characterization, and use of the records, and for the contrast between DBRS/DBC behavioral framing and police no-threat/no-jurisdiction/noncriminal dispositions.

**Public-filing redactions.** Non-essential personal identifiers on reproduced source pages have been redacted or omitted where practicable. VA-applied redactions remain as produced.

## Master Quote Index

| Theme | Source page(s) | Selected record language | Use in opposition |
|---|---|---|---|
| Police retrieval by Plaintiff name/date | FOIA 23-20613-FP IAD, p. 1 | "The search was conducted by utilizing | Shows actual retrieval of the police- |

| | | the search criteria by name and date"; VA Police located seven documents totaling thirty-seven pages. | report set by personal identifiers. |
|---|---|---|---|
| Privacy Office-linked DBRS / police follow-up | Case 506-200410, pp. 1, 3-4 | "DBRS report follow up"; DBRS report submitted after reviewing Plaintiff's file "at the request of the privacy officer"; disposition "UNFOUNDED"; Plaintiff denied any plan or intent to harm anyone. | Shows Privacy Office record amendment request leading into DBRS and police channels, followed by no-threat/no-intent findings. |
| Administrative grievance framed as threat concern | Case 506-200410, p. 4 | Plaintiff stated the statements were "taken out of context," he was "venting" and expressing "feelings" about care, was upset about a grievance process, and did not want to be "made out to be a threat." | Supports the § 552a(e)(5) accuracy/fairness dispute over context-stripped behavioral labeling. |
| Social-media follow request / DBRS / flag / secure-messaging restriction | Case 506-200424, pp. 1, 3-5 | Report concerns an Instagram "follow" request; references a recently submitted DBRS report; states a flag would be placed on Plaintiff's file; instructs contact only through secure messenger; provides Privacy Officer contact information and police report numbers. | Shows social-media/patient-communication conduct routed through DBRS, flag, police, secure-message, and Privacy Office pathways. |
| Emails, secure messages, LinkedIn request, complaints, DBRS, administrative action | Case 506-210172, pp. 1-2 | Report references emails, secure messages, a LinkedIn request, "multiple requests," "numerous complaints," a DBRS submission, "this behavior is disruptive," and referral for "Administrative Action." | Shows administrative and communication activity being converted into disruptive-behavior material. |
| Twitter/social-media activity treated as noncriminal and not threatening | Case 506-210333, pp. 1-2, 5 | "NON-CRIMINAL: INFORMATION REPORT ONLY"; report concerns Twitter/social-media posts; follow-up states behavior was "not being threatening in nature" and Twitter posts were occurring off VA property. | Supports § 552a(e)(7) and § 552a(e)(5) issues: protected/speech-related conduct became police/DBRS material despite noncriminal/no-threat characterization. |
| Privacy Office collected police reports in ongoing social-media matter | Case 506-210333, pp. 7-8 | Employee was escorted "to the privacy office" where the employee collected "all past VA police reports"; officer had provided the Privacy Officer "all the VA police report numbers." | Shows Privacy Office, police report numbers, and the ongoing behavioral narrative linked in practice. |
| FOIA requests folded into DBRS harassment narrative | Case 506-210466, pp. 1-3 | VA employee "submitted a DBRS report for an ongoing issue and harassment" after Plaintiff requested FOIA reports; officer asked whether VA had "legal justification" not to grant the FOIA request or whether the Privacy Office could redact names. | Strong evidence that FOIA activity was treated as part of a DBRS/disruptive-behavior issue. |
| FOIA requests, Privacy Office, and DBRS monitoring overlap | Case 506-210466, pp. 4, 6 | Follow-up states Plaintiff continued social-media contact and "requesting FOIA requests"; page 6 states three DBRS reports were submitted by a VA Privacy Officer and references "Mannon privacy FOIA requests." | Supports actual linkage among Privacy Office, FOIA, DBRS, police, and monitoring pathways. |
| FOIA-redacted documents and speech monitored despite no threats | Case 506-210520, pp. 1-2 | "NON-CRIMINAL: INFORMATION REPORT ONLY"; Twitter posts showed documents that "appear to have been redacted by the VA FOIA office"; Plaintiff had made several FOIA requests; "No threats were made"; "No further police action required." | Shows FOIA-produced/redacted documents and speech treated as safety-monitoring material despite no threat or police action. |
| DBC meeting despite no crimes/no threats | Case 506-210520, pp. 5-6 | "DBRS committee conducted a meeting"; police follow-up states Plaintiff was not deemed a threat because he "has not committed any crimes nor has he made any threats." | Direct contrast between DBC/DBRS processing and police no-crime/no-threat assessment. |
| YouTube medical-care criticism, DBRS guidance, and no VA Police jurisdiction | Case 506-220215, pp. 1-2 | "NON-CRIMINAL: INFORMATION REPORT ONLY"; "UNFOUNDED"; YouTube videos concerned Plaintiff's displeasure with medical care; staff reached out to DBRS; VA Police concluded it had no jurisdiction because communications occurred off VA property/private social-media accounts. | Supports § 552a(e)(7), accuracy, and Rule 56(d) discovery into DBRS/police pathways. |

## Source Excerpt Contents

**Tab 1 - FOIA 23-20613-FP IAD:** 23-20613 - IAD Letter.pdf

- VA Police search was conducted by name and date and located seven reports totaling thirty-seven pages.

**Tab 2 - Case 506-200410:** Case # 506-200410.pdf

- UNFOUNDED federal-threat allegation; DBRS report follow-up.

- DBRS report was submitted after privacy act amendment request For March 4th record at the request of the Privacy Officer.
- Plaintiff denied any plan or intent to harm anyone and described grievance-related context.

**Tab 3 - Case 506-200424:** Case # 506-200424.pdf

- Instagram/social-media follow request treated as harassment.
- DBRS report and flag reference; secure-messenger-only instruction.
- Privacy Officer contact information and police report numbers provided.

**Tab 4 - Case 506-210172:** Case # 506-210172.pdf

- Emails, secure messages, LinkedIn request, multiple requests/complaints.
- DBRS detailing incident; behavior called disruptive; forwarded for Administrative Action.

**Tab 5 - Case 506-210333:** Case # 506-210333.pdf

- Non-criminal information report involving Twitter/social-media activity.
- Follow-up notes behavior not threatening, off VA property, and outside VA Police jurisdiction.
- Privacy Office collected police reports/report numbers in ongoing social-media matter.

**Tab 6 - Case 506-210466:** Case # 506-210466.pdf

- Non-criminal report; DBRS report tied to FOIA requests and Privacy Office redaction questions.
- Follow-up states continued social-media contact and FOIA requests.
- Page 6 references DBRS reports submitted by VA Privacy Officer and "Mannon privacy FOIA requests."

**Tab 7 - Case 506-210520:** Case # 506-210520.pdf

- Non-criminal report involving Twitter posts of FOIA-redacted documents.
- No threats were made and no further police action was required.
- DBRS committee meeting; police reported no crimes/no threats.

**Tab 8 - Case 506-220215:** Case # 506-220215.pdf

- Non-criminal and unfounded report about YouTube/social-media posts criticizing medical care.
- Staff reached out to DBRS; police concluded communications were off VA property/private accounts and VA Police had no jurisdiction.

**Tab 1 - FOIA 23-20613-FP IAD**

**Source.** 23-20613 - IAD Letter.pdf

- VA Police search was conducted by name and date and located seven reports totaling thirty-seven pages.

*FOIA 23-20613-FP IAD, p. 1 - search by name/date*

On May 18, 2023 a search inquiry was sent to the VA Police Office requesting they conduct a search for documents responsive to your above request. The search was conducted by utilizing the search criteria by name and date. At the conclusion of their search, the Police Service located seven (7) documents, totaling thirty-seven (37) pages, as responsive to your above request. For reference purposes, the seven (7) documents were Bates numbered for each document. Case Number 506-210466 (pages 1 – 6, Case Number 506-210520 (pages 1 – 6), Case Number 506-220215 (pages 1 – 2), Case Number 506-200424 (pages 1 – 8) , Case Number 506-210172 (pages 1-2, Case Number 506-210333 (pages 1 – 8) and Case Number 506-200410 (pages 1 – 5).

Upon completion of my review, I have determined that the document contains

**Tab 2 - Case 506-200410**

**Source.** Case # 506-200410.pdf

- UNFOUNDED federal-threat allegation; DBRS report follow-up.
- DBRS report was submitted after privacy act amendment request For March 4th record review at the request of the Privacy Officer.
- Plaintiff denied any plan or intent to harm anyone and described grievance-related context.

*Case 506-200410, p. 1 - DBRS report follow-up / unfounded disposition*

| Reported By: | (b)(6) | | |
| --- | --- | --- | --- |

| Incident Types Label | | Offender | Incident Disposition |
| --- | --- | --- | --- |
| FEDERAL : 18 U.S.C. : 115(A)(1)(B) THREATENS TO ASSAULT US OFFICIAL | | MANNON, STEVEN ROGER (PATIENT) | UNFOUNDED |

| Report Disposition | Method of Reporting |
| --- | --- |
| CLOSED | PHONE |

| Incident Occurred Date | Incident Occurred End Date | Incident Discovered / Called In |
| --- | --- | --- |
| 12/11/2020 at 1230 | 12/14/2020 at 1500 | 12/14/2020 at 1228 |

| Location | Specific Location |
| --- | --- |
| ANN ARBOR VA MEDICAL CENTER | |

| Manager/Supervisor On Duty | Manager/Supervisor Notified |
| --- | --- |
| (b)(6) | |

Report Synopsis/Overview

DBRS report follow up. DBRS writer observed a concerning message in patients file from a tele health appointment conducted by a Social Worker from the Toledo CBOC. Spoke with (b)(6) and set up appointment to contact the patient over the

**Tab 2 - Case 506-200410**

**Source.** Case # 506-200410.pdf

*Case 506-200410, p. 3 - Privacy Officer file review / DBRS report*

**Grand Total**

**Narrative text**

On December 14th 2020 I, [(b)(6)] was in full duty uniform located at the AAVAMC on 2215 Fuller Rd, Ann Arbor MI 48105. I was provided information from a DBRS report and asked to follow up with the complainant.

At approximately 1000 hours I spoke with complainant [(b)(6)] the [(b)(6)] and [(b)(6)] [(b)(6)] advised that [(b)( ] submitted a DBRS report after reviewing patient Steven Mannon's file at the request of the privacy officer. While reviewing the patients file, [(b)(6)] observed a transcript from a Tele Health therapy appointment conducted by [(b)(6)] [(b)(6)] stated there were concerning messages that [(b)(6] felt were specific to [(b)(6)] , the [(b)(6)] and [(b)(6)]

According to the transcript, patient Mannon stated he wanted his care team to be "destroyed" and "removed". When asked for clarification, Mannon said "You kill people that aren't following their own policies and procedures". This was followed by an indication that Mannon did not have anything else to lose, but did not have a plan or intent to harm anyone.

I advised Suchman that I would speak with [(b)(6)] in [(b)(6)] and follow up with her once I have additional

## Tab 2 - Case 506-200410

**Source.** Case # 506-200410.pdf

*Case 506-200410, p. 4 - no plan or intent / grievance context*

| Report Recorder | Report Disposition |
|---|---|
| (b)(6) | **CLOSED** |
| Related Number: | Tracking Number |
| | 955852 |

### Follow Up Information

Synopsis

Spoke with patient Mannon over the phone with (b)(6) . Mannon stated he had no intent or plans to cause any harm to anyone on his care team or himself. Followed up with complainant (b)(6) to advise of my findings.

### Property Summary

| Property Category | | Quantity | Total |
|---|---|---|---|
| | | | |
| **Grand Total** | | | (b)(6) |

**Narrative text**

On December 15th 2020 I, (b)(6) was in full duty uniform located at the AAVAMC on 2215 Fuller Rd, Ann Arbor MI 48105. At approximately 1300 hours I met with (b)(6) in officer to discuss the results of a DBRS committee for patient Steven Mannon. (b)(6) advised that the DBRS committee agreed that contacting Mannon over the phone would be appropriate.

At approximately 1325 hours (b)(6) and I initiated a phone call with Mannon. I introduced myself as a VA Police Officer and (b)(6) introduced himself as a social worker. I advised Mannon that there was concerning information from his tele-health appointment with (b)(6) that we wanted to discuss. Mannon agreed to speak with us and when asked if he had any plans or intent to cause harm to others or himself he replied that he did not. When asked if he had any plans or intent to harm anyone on his care team, Mannon stated that he did not.

I asked Mannon to explain the nature of his statements made during the tele-health appointment. Mannon was adamant that his responses were taken out of context and that he never expressed any desire to hurt anyone. Mannon continued by saying that he was 'venting' his frustrations and expressing his 'feelings' per the Social Workers request, about his care. Mannon also mentioned that he is upset about a grievance process that he does not feel was receiving the proper attention.

(b)(6) explained to Mannon that he would personally look into his grievance and that continuing his care was priority .

I advised Mannon to be considerate of how he communicates with his care team as he can possibly be interpreted as intimidating and threatening.

Mannon was compliant with our requests and stated that he just wants to be respected and not "made out to be a threat".

| Prepared By: | Submitted Date |
|---|---|
| (b)(6) @va.gov) | 12/18/2020 1059 |

**Tab 3 - Case 506-200424**

**Source.** Case # 506-200424.pdf

- Instagram/social-media follow request treated as harassment.
- DBRS report and flag reference; secure-messenger-only instruction.
- Privacy Officer contact information and police report numbers provided.

*Case 506-200424, p. 1 - social-media follow request*

Reported By: (b)(6)

| Incident Types Label | | Offender | Incident Disposition |
|---|---|---|---|
| **CRIMINAL : 13C HARASSMENT : BY PATIENT** | | **MANNON, STEVEN ROGER (SUSPECT)** | **CLOSED** |
| Report Disposition | | Method of Reporting | |
| **CLOSED** | | **PHONE** | |
| Incident Occurred Date | Incident Occurred End Date | Incident Discovered / Called In | |
| **12/22/2020 at 2011** | **12/23/2020 at 0935** | **12/23/2020 at 0915** | |
| Location | | Specific Location | |
| **ANN ARBOR VA MEDICAL CENTER** | | | |
| Manager/Supervisor On Duty | | Manager/Supervisor Notified | |
| | | **YES** | |

Report Synopsis/Overview

Victim contacted VA Police to report that the suspect had sent a 'follow' request to her Instagram, a social media platform. Suspect contacted by VA Police and (b)(6) advised that it is inappropriate and all future correspondence should only be through secure messaging.

**Tab 3 - Case 506-200424**

**Source.** Case # 506-200424.pdf

*Case 506-200424, p. 3 - recent DBRS report / planned patient advocates meeting*

**Narrative text**

On December 23rd 2020 I, (b)(6) was in full duty uniform located at 2215 Fuller Rd Ann Arbor MI 48105. At approximately 0915 hours I received a phone call from (b)(6) , the (b)(6) (b)(6) .

(b)(6) had recently submitted a DBRS report regarding concerning messages she found in the patients file from a mental tele-health visit. Reference Incident Reports 506200410 and 506200410_1.

(b)(6) told me that (b)(6) is out of town for the holiday and on December 22nd at approximately 1811 hours Mountain Standard Time (2011 hours Eastern Standard Time) noticed a 'follow request' on social media Instagram account from patient Steven Mannon. (b)(6) stated that there was a 'profile picture' on the account of a male dressed in fatigues but it was difficult to see who was in the photograph.

(b)(6) if there were any messages or any other forms of contact made by Mannon to which replied "No".

(b)(6) then stated that (b)(6) took a screenshot of the 'follow request' and deleted (b)( Instagram and Twitter accounts. I requested (b)(6) send a copy of screenshot for the investigation which did.

(b)(6) also mentioned that spoke with (b)(6) over the phone prior to calling the VA Police and provided the same information. (b)(6) stated that (b)(6) understood her concerns and there was a preplanned meeting with the patient advocates regarding Mannon. (b)(6) mentioned that (b)(6) would bring this new development up during the meeting.

**Tab 3 - Case 506-200424**

**Source.** Case # 506-200424.pdf

*Case 506-200424, p. 4 - flag / secure messenger / privacy contact*

...ded our phone call at approximately 0920 hours.

At approximately 0930 hours I called and spoke with (b)(6), who advised that there will be a flag placed on Mannon's file and that he will not require a Police Escort at this time. At approximately 1042 hours (b)(6) and I spoke with Mannon on his cell phone. I identified myself as a VA Police Officer and introduced (b)(6). Mannon was familiar with us as we had contacted him recently regarding the previous incident report.

I advised Mannon that I had been given information that his (b)(6) care provider had received a 'follow request' from him on their Instagram social media account. I told Mannon the request was not welcome and that the provider is not comfortable with this behavior. I explained that going forward, it is not okay to make any attempt to contact members of his care team outside of using secure messenger.

Mannon initially said "I don't think I have an Instagram account" and then acknowledged my request by saying "Okay, alright". Mannon continued to deny that he had sent the request by stating "I have not made any communications with [ ]" and that he has only sent emails and secure messages to his care team. (b)(6) and I reiterated to Mannon that going forward he is to only use secure messenger when contacting his care team. Mannon replied "I understand". (b)(6) advised Mannon that his care would be coordinated through (b)(6) and (b)(6). We concluded our phone call at ...ximately 1055 hours.

...roximately 1130 hours I spoke with (b)(6) over the phone and explained that Mannon was contacted and advised that his request was not welcome and to only contact members of his care team using secure messenger. I provided contact information and suggested [ ] speak with AAPD about obtaining a Personal Protection Order (PPO) as they have jurisdiction where [ ] resides. I requested that [ ] contact the VA Police if there were any additional attempts made to contact [ ] by Mannon. I provided contact information for the privacy officer and the incident report numbers to (b)(6) on [ ] government email.

We concluded our phone call at approximately 1135 hours.

**Tab 3 - Case 506-200424**

**Source.** Case # 506-200424.pdf

*Case 506-200424, p. 5 - follow-up / no PPO pursued*

| Incident Report | 506200424 |
|---|---|
| Report Recorder | Report Disposition |
| (b)(6) | **CLOSED** |
| Related Number: | Tracking Number |
| | 961638 |

**Follow Up Information**

Synopsis

Spoke with (b)(6) via Microsoft Teams. (b)(6) filed a police report with the City of Ann Arbor but does not wish to file for a Personal Protection Order at this time.

**List of supplemental reports**

Follow Up 506200424_1_1

**List of contacts in this report**

| (b)(6) | VICTIM | 506200424_1_1 |
|---|---|---|

**Property Summary**

**Tab 4 - Case 506-210172**

**Source.** Case # 506-210172.pdf

- Emails, secure messages, LinkedIn request, multiple requests/complaints.
- DBRS detailing incident; behavior called disruptive; forwarded for Administrative Action.

*Case 506-210172, p. 1 - email / secure-message report*

Reported by:   (b)(6)

| | | |
|---|---|---|
| Incident Types Label   CRIMINAL : 13C HARASSMENT | Incident Disposition | CLOSED |
| Offender          MANNON, STEVEN ROGER (SUSPECT) | | |

| Report Disposition | Method of Reporting | |
|---|---|---|
| **REFERRED TO OTHER AGENCY/DEPARTMENT** | **VA EMPLOYEE - EMAIL** | |

| Report Recorder | Manager/Supervisor On Duty | Manager/Supervisor Notified |
|---|---|---|
| (b)(6) | | |

| Incident Occurred Date | Incident Occurred End Date | Incident Discovered / Called In |
|---|---|---|
| **05/05/2021 at 1040** | **05/11/2021 at 1100** | **05/12/2021 at 1556** |

| Location | Specific Location |
|---|---|
| **ANN ARBOR VA MEDICAL CENTER : OTHER** | |

Report Synopsis/Overview

**Tab 4 - Case 506-210172**

**Source.** Case # 506-210172.pdf

*Case 506-210172, p. 2 - requests, complaints, DBRS, Administrative Action*

boundaries, and policy of Provider and Employee relationship. Additionally, the Veteran has sent a request via LinkedIn for Employee to be a member of his network. (b)(6) stated that ~ did not accept the offer and reported the matter the Patient Safety Office (b)(6) and submitted a DBRS detailing the incident.

(6) uspect has sent inappropriate messages to other staff and providers, and was advised of his behavior and continued to send (b)(6) ppriate messages via email and secured messages to (b)(6), and to other staff regarding (b)(6) stated that the Veteran has made multiple requests, and has made numerous complaints and false accusations regarding his care and other staff and health-care providers via social media and emails. (b)(6) expressed that Veteran Mannon continues to cros (b)(6) boundaries and trying to attack ~ integrity and this behavior is disruptive, whereas ~ has dedicated over 100 workload hours to try assist the Veteran.

This case will be forwarded for Administrative Action, whereas the Veteran's access to ~ email should be blocked and for review and prerogative.

## Tab 5 - Case 506-210333

**Source.** Case # 506-210333.pdf

- Non-criminal information report involving Twitter/social-media activity.
- Follow-up notes behavior not threatening, off VA property, and outside VA Police jurisdiction.
- Privacy Office collected police reports/report numbers in ongoing social-media matter.

*Case 506-210333, p. 1 - noncriminal social-media report*

Reported By: (b)(6)

| Incident Types Label | | Offender | Incident Disposition |
|---|---|---|---|
| NON-CRIMINAL : INFORMATION REPORT ONLY | | MANNON, STEVEN ROGER (SUSPECT) | CLOSED |

| Report Disposition | Method of Reporting |
|---|---|
| CLOSED | (b)(6) |

| Incident Occurred Date | Incident Occurred End Date | Incident Discovered / Called In |
|---|---|---|
| 08/17/2021 at 1210 | 08/17/2021 at 1251 | 08/17/2021 at 1210 |

| Location | Specific Location |
|---|---|
| ANN ARBOR VA MEDICAL CENTER | |

| Manager/Supervisor On Duty | Manager/Supervisor Notified |
|---|---|
| | YES |

**Report Synopsis/Overview**

Information- On 08/17/2021 around 1210 hours a complaint was received by (b)(6)                , of a VA patient, Mannon, who continues to reach out to (b)( through social media. Mannon posted on Twitter this morning by tagging (b)(6)       and stated (b)(

**Tab 5 - Case 506-210333**

**Source.** Case # 506-210333.pdf

*Case 506-210333, p. 2 - Twitter / complaints narrative*

| City | State | Zip | Country | | Address Type |
|---|---|---|---|---|---|
| NORTHWOOD | OH | 43619-2527 | | | |

**Phones :**

(N/A) 760-7217-6388

**Property Summary**

| Property Category | | Quantity | | Total |
|---|---|---|---|---|
| | | | | |
| Grand Total | | | | |

**Narrative text**

(6) ...mation- On 08/17/2021 around 1210 hours a complaint was received by (b)(6) _____ of a VA patient, ...on, who continues to reach out to her through social media.

(6)
(6) _____ stated this morning Mannon had posted on Twitter stating, "the VA would be better off without her as an ...yee." (b)(6) _____ stated _____ has a long history of complaints made against Mannon for his continuous harassment and communication to _____ Mannon has not been a patient of (b)(6) _____ for over a year and (b)(6) _____ is not sure why he

**Tab 5 - Case 506-210333**

**Source.** Case # 506-210333.pdf

*Case 506-210333, p. 5 - not threatening / off VA property / no jurisdiction*

**Grand Total**

**Narrative text**

On 08/20/2021 around 1350 hours I received a phone call from (b)(6) stating (b)( was mentioned in a Twitter post from Mannon this morning. The Twitter post from Mannon was him expressing his negative opinion of (b)(6) , similar to several other mentions of Shuchman throughout his past Twitter posts.

During the conversation with (b)(6) stated (b)( was afraid of Mannon and was in fear of him doing something to (b)( ing after (b)( The topic of possibly obtaining a personal protection order on Mannon is something (b)(6) has (b)(6) sed concern about and is worried about possible repercussions if Mannon was notified of legal action such as a PPO.

I explained to (b)(6) due to the behavior not being threatening in nature and that the Twitter posts are occurring off VA property, I would refer to local law enforcement or the Washtenaw county court system for a PPO if was that worried safety. (b)(6) stated would not be willing to do either of those things at this time. (b)(6)

then instructed me to not get in contact with Mannon in any way because his Twitter posts occur more frequently liately following police contact. I suggested the VA Twitter page could block all Mannon's known Twitter account in attempts to limit the exposure of to him. Shuchman's response to that was to tell me that I am only trying to look out for the VA's best interests by the VA Twitter account blocking him and that it would still leave exposed. (b)(6) also went on to say is, "tired of everyone at the VA telling me they can't help me."

(b)(6) was updated on the most recent Twitter posts made by Mannon.

**Tab 5 - Case 506-210333**

**Source.** Case # 506-210333.pdf

*Case 506-210333, p. 7 - ongoing complaint / VA Police no jurisdiction*

<u>Narrative text</u>

On 09/17/21 around 1200 hours I conducted a sit down meeting with (b)(6) and (b)(6) (b)(6) regarding an ongoing harassment complaint and situation between (b)(6) and VA patient Mannon .

Dating back over a year, Mannon has continuously posted on various social media platforms stating his negative opinion of (b)(6) on their private social media accounts. (b)(6) has made numerous complaints and has submitted several DBRS reports for the unwanted contact from Mannon.

Mannon is no longer a patient at the Ann Arbor VA and has continued to find a way to reach out to (b)(6) via social (6) . These acts have all been completed outside of VA property . (b)(6) has been advised of the VA police jurisdiction (b)(6) eral occasions and that the VA police may not bring any charges on Mannon due to his harassing communications occurring off VA property.

On 09/15/2021 I spoke to (b)(6) and informed of this situation and asked for opinion on the matter . White stated due to the harassing communications occurring off VA property and the communications being completed (6) h private social media accounts; the VA police do not have jurisdiction. (b)(6) gave the recommendation for (b)(6) (b)(6) (6) k guidance from a local law enforcement agency and possibly file for a personal protection order. (b)(6)

(6) the meeting with (b)(6) , I explained the guidance I received from (b)(6) . (b)(6) (6) sed frustrations with the VA police and stated , "the VA police can't help." And had stated in the past how feels (b)(6) at the VA has done anything to assist during this situation . (b)(6) also stated was worried was not getting the same fair and equal treatment during this process that any other VA employee would receive . (b)(6) also stated was worried about reputation and image among patients being damaged due to Mannon posting negative opinions of on social media. (b)(6) was assured the safety office and VA police office were giving the full attention

| Prepared By: | | Submitted Date |
|---|---|---|

## Tab 5 - Case 506-210333

**Source.** Case # 506-210333.pdf

*Case 506-210333, p. 8 - Privacy Office collected police reports/report numbers*

Case # :   506210333_2

and treatment any other VA employee would receive in this type of incident.

Many of (b)(6) concerns were responded to by (b)(6) and (b)(6) . (b)(6) again was advised of the role of the VA in this matter, and I relayed the suggestions from (b)(6) for (b)(6) to seek guidance from a local law enforcement agency.

Following the meeting (b)(6) escorted (b)(6) to the privacy office where (b)(6) collected all past VA police reports completed on this matter. I had provided the privacy officer with all the VA police report numbers regarding this ongoing incident.

## Tab 6 - Case 506-210466

**Source.** Case # 506-210466.pdf

- Non-criminal report; DBRS report tied to FOIA requests and Privacy Office redaction questions.
- Follow-up states continued social-media contact and FOIA requests.
- Page 6 references DBRS reports submitted by VA Privacy Officer and "Mannon privacy FOIA requests."

*Case 506-210466, p. 1 - DBRS report after FOIA requests*

Reported By: (b)(6)

| Incident Types Label | | Offender | Incident Disposition |
|---|---|---|---|
| NON-CRIMINAL : INFORMATION REPORT ONLY | | MANNON, STEVEN ROGER (SUSPECT) | CLOSED |

| Report Disposition | Method of Reporting |
|---|---|
| CLOSED | |

| Incident Occurred Date | Incident Occurred End Date | Incident Discovered / Called In |
|---|---|---|
| 11/24/2021 at 1030 | 11/24/2021 at 1030 | 11/24/2021 at 1530 |

| Location | Specific Location |
|---|---|
| ANN ARBOR VA MEDICAL CENTER | |

(b)(6)

Report Synopsis/Overview

On 11/24/2021 around 1530 hours I made contact with VA employee (b)(6) That morning around 1030 hours, (b)(6) had submitted a DBRS report for an ongoing issue and harassment with VA patient Mannon, S. Mannon requested several FOIA reports from specific employees and (b)(6) was concerned with _ name being released and these documents being granted from the FOIA office without certain redactions.

**Tab 6 - Case 506-210466**

**Source.** Case # 506-210466.pdf

*Case 506-210466, p. 2 - FOIA request / Privacy Office redaction question*

| Property Summary | | |
|---|---|---|
| Property Category | Quantity | Total |
| **Grand Total** | | |

**Narrative text**

On 11/24/2021 around 1530 hours I made contact with VA employee (b)(6)          That morning around 1030 hours, (b)(6)

(6)          had submitted a DBRS report for an ongoing issue and harassment with VA patient Mannon , S.

(b)(6)     stated Mannon had requested all current and prior reports from the VA that included several employees , (b)(6)
(6)     was included on that list. (b)(6)     has recently been married and changed        name. With the name change (b)(6)
cerned about       new name being released in this new FOIA request asking for documents between (b)(6)     and
Mannon

**Tab 6 - Case 506-210466**

**Source.** Case # 506-210466.pdf

*Case 506-210466, p. 3 - FOIA requests / redact employee names*

Case # :    506210466

FOIA requests.

In the past, Mannon has used these FOIA reports to identify VA employees that he would end up conducted some harassing type behavior with these specific employees. My request to (b)(6) and the privacy office would be to redact all VA employee names from any document requested by Mannon due to his known and documented harassment towards several VA employees.

A follow-up will be added with the outcome of my request to assist in the concerns from VA employee (b)(6)

**Tab 6 - Case 506-210466**

**Source.** Case # 506-210466.pdf

*Case 506-210466, p. 4 - continued social media contact and FOIA requests*

```
     List of contacts in this report
MANNON, STEVEN                      SUSPECT              506210466_1
(b)(6)                                                   506210466_1
                                                         506210466_1

                    Contact # 1   (SUSPECT)

Full Name

STEVEN ROGER MANNON
```

**Tab 6 - Case 506-210466**

**Source.** Case # 506-210466.pdf

*Case 506-210466, p. 6 - Privacy Officer DBRS reports / privacy FOIA requests / monitoring*

Between 11/24/2021 and 11/30/2021 three DBRS reports were submitted by VA privacy officer (b)(6)               had (b)(6) (6)        l concerns with the behavior from VA patient Mannon, S.

Over the past year or more, Mannon has continued to follow several VA employees and sometimes their family members on several social media platforms. (b)(6)        is very concerned for (b)(6)    and     family based on the actions of Mannon. (6)        has reported Mannon has viewed and followed     LinkedIn as well as (b)(6)        account. Mannon then reported Ann Arbor VA of a possible breach of privacy when (b)(6)        viewed Mannon's LinkedIn account. (b)(6) was unaware of who Mannon was at the time and had no previous information on the Mannon behavior and ongoing (6)        gations into him. Mannon has called (b)(6)        office number and has made complaints in such a way that (b)(6)        ported     feels intimidated and uncomfortable.

On 12/2/2021 it was made aware to me that the decision has been made by the VA VISN level privacy officer, (b)(6) (6)        Mannon privacy FOIA requests will be conducted through     office and (b)(6)        will no longer be required to be in t with Mannon.

There is also an ongoing issue with Mannon, who has recently requested a FOIA report of several VA employees in which (6)        as given an invoice due to the amount of information he was requesting. It appeared Mannon was not satisfied with ount the invoice was for and has been in contact with the privacy office at the VA and at the VISN level for that.

There have been several DBRS reports submitted from VA employees, including (b)(6)        regarding Mannon. The last DBRS submitted by (b)(6)        on 11/29, states     is "feels very threatened and like Mr. Mannon is trying to make people questions my integrity. His actions are causing me to be fearful for my safety and the safety of my (b)(6)        and causing undue stress."

(b)(6)        has shown interest in a personal protection order through the local county law enforcement in order to stop all contacts in person, on the phone, or by internet from Mannon. This situation has continued to be monitored with this situation as well as from other concerns from other employees.

**Tab 7 - Case 506-210520**

**Source.** Case # 506-210520.pdf

- Non-criminal report involving Twitter posts of FOIA-redacted documents.
- No threats were made and no further police action was required.
- DBRS committee meeting; police reported no crimes/no threats.

*Case 506-210520, p. 1 - noncriminal Twitter/VA information report*

| Reported By: | (b)(6) | | |
|---|---|---|---|

| Incident Types Label | | Offender | Incident Disposition |
|---|---|---|---|
| **NON-CRIMINAL : INFORMATION REPORT ONLY** | | **MANNON, STEVEN ROGER (SUSPECT)** | **FOUNDED** |

| Report Disposition | | Method of Reporting | |
|---|---|---|---|
| **CLOSED** | | **PHONE** | |

| Incident Occurred Date | Incident Occurred End Date | Incident Discovered / Called In | |
|---|---|---|---|
| **12/26/2021 at 1700** | **12/26/2021 at 1700** | **12/27/2021 at 0930** | |

| Location | | Specific Location | |
|---|---|---|---|
| **ANN ARBOR VA MEDICAL CENTER** | | | |

Report Synopsis/Overview

On 10/27/2021 around 0930 hours I was notified of a complaint made by VA employee (b)(6) sent an email to several VA employee reporting a Twitter account that was posting Ann Arbor VA related information. Patient Mannon, S was found to be the owner of the account. No further action required.

**Tab 7 - Case 506-210520**

**Source.** Case # 506-210520.pdf

*Case 506-210520, p. 2 - FOIA-redacted documents / no threats*

| Property Summary | | |
| --- | --- | --- |
| Property Category | Quantity | Total |
| **Grand Total** | | |

**Narrative text**

On 10/27/2021 around 0930 hours I was notified of a complaint made by VA employee (b)(6) sent an email to several VA employee reporting a Twitter account that was posting Ann Arbor VA related information . The information was presented in pictures of VA documents that appear to have been redacted by the VA FOIA office .

The Twitter account in question was later identified as the account of VA patient Mannon , S. Mannon has a long history of social media related issues and complaints. The Twitter post appears to be VA documents that were redacted by the VA FOIA office. Mannon has recently made several FOIA requests at the Ann Arbor VA that had several employees listed by name.

This reported Twitter post from 12/26 includes the names of Ann Arbor VA employees. No threats were made within this post. The VA patient safety office was briefed on this matter and will continue to monitor the social media interactions with Mannon. No further police action required at this time.

## Tab 7 - Case 506-210520

**Source.** Case # 506-210520.pdf

*Case 506-210520, p. 5 - DBRS committee conducted a meeting*

DBRS committee conducted a meeting on 01/20/2022 around 0900 hours with (b)(6) _____ .

| List of contacts in this report | | |
|---|---|---|
| MANNON, STEVEN | SUSPECT | 506210520_2 |
| (b)(6) | WITNESS | 506210520_2 |

| Contact # 1   (WITNESS) |
|---|

Full Name

(b)(6)

## Tab 7 - Case 506-210520

**Source.** Case # 506-210520.pdf

*Case 506-210520, p. 6 - not deemed a threat / no crimes / no threats*

| Grand Total |
|---|

**Narrative text**

On 01/20/2022 around 0900 hours the DBRS committee discussed several issues to include the current status of VA patient Steven Mannon. Included in the meeting was (b)(6)                    .

(b)(6)            stated if/when Mannon commits any offenses or violations that the VA would be more than welcome to inform him on any movement on this case. (b)(6)       stated as of right now he does not deem Mannon to be a threat, as Mannon has not committed any crimes nor has he made any threats.

(b)(6)       will be notified if any changes in this case occur or in any instance where Mannon may be charged with a crime.

**Tab 8 - Case 506-220215**

**Source.** Case # 506-220215.pdf

- Non-criminal and unfounded report about YouTube/social-media posts criticizing medical care.
- Staff reached out to DBRS; police concluded communications were off VA property/private accounts and VA Police had no jurisdiction.

*Case 506-220215, p. 1 - noncriminal/unfounded YouTube medical-care criticism*

Reported by: (b)(6)

| Incident Types Label | NON-CRIMINAL : INFORMATION REPORT ONLY | Incident Disposition | UNFOUNDED |
| --- | --- | --- | --- |
| Offender | MANNON, STEVEN ROGER (SUSPECT) | | |

| Report Disposition | Method of Reporting | |
| --- | --- | --- |
| CLOSED | VA EMPLOYEE - EMAIL | |
| Report Recorder | Manager/Supervisor On Duty | Manager/Supervisor Notified |
| (b)(6) | | |
| Incident Occurred Date | Incident Occurred End Date | Incident Discovered / Called In |
| 04/19/2022 at 1200 | 04/19/2022 at 1220 | 04/22/2022 at 0932 |
| Location | Specific Location | |
| ANN ARBOR VA MEDICAL CENTER : CBOCS/OPCS : TOLEDO CBOC | | |

Report Synopsis/Overview

Information - On 4-22-22 at approximately 0930 hours, I was notified by (b)(6) via internal messaging system of a patient

**Tab 8 - Case 506-220215**

**Source.** Case # 506-220215.pdf

*Case 506-220215, p. 2 - DBRS guidance / no VA Police jurisdiction*

<u>Narrative text</u>

Information - On 4-22-22 at approximately 0930 hours, I was notified by (b)(6) via internal messaging system, of a patient, veteran Steven Mannon (8295) posting video to YouTube on 4-19-22, in regards to Mannon's displeasure in his medical care at the Ann Arbor VA and the Toledo CBOC. Video showed personal medical information and notes including the names and work locations for VA employees (all public knowledge) assigned to Mannon's care team.

On 4-22-22 (b)(6) reached out to DBRS (Disruptive Behavior Reporting System) (b)(6) and (b)(6) (b)(6) seeking guidance on the issue. (b)(6) spoke with (b)(6) , whose name was on the notes in said video, seeking help in identifying the veteran whose personal identifiers were redacted before the video was posted, and to gather information on said incident and individual. (b)(6) was able to identify the individual's voice, stating the voice belonged to a patient (b) had seen named Steven Mannon.

Upon reviewing other VA Police cases initiated on Mannon, I found that (b)(6) had stated that due to the communications occurring off VA property and the communications being completed through private social media accounts ; the VA Police do not have any jurisdiction in the matter.

Case Closed